IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-27,439-02 & -03






EX PARTE JAMES ERNEST FREEMAN, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 438101D & 460036W IN THE 372ND DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.



O R D E R




 These are post-conviction applications for a writ of habeas corpus forwarded to
this Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted
of forgery and possession of amphetamine. Punishment, enhanced by a prior conviction,
was assessed at confinement for fifteen years. There was no appeal from these
convictions.

 Applicant contends that he has not received credit for time he was confined in
Indiana for three periods between April 2001 to September 2003, pursuant to parole
violator warrants in these causes. The trial court has entered no findings of fact.

 It is this Court's opinion that additional facts need to be developed, and since this
Court cannot hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum. The trial court may resolve those issues as
set out in Article 11.07, § 3(d), TEX.CODE CRIM.PROC., in that it may order affidavits,
depositions, or interrogatories from both the criminal institutions and parole divisions of
the Texas Department of Criminal Justice, or it may order a hearing.

 If the trial court elects to hold a hearing the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant
desires representation by counsel, the trial court shall then appoint an attorney to represent
him at the hearing pursuant to the provisions of Article 26.04, TEX.CODE CRIM.PROC.

 Following the receipt of additional information the trial court should make
findings of fact as to: what credit Applicant has been given for time he was confined on
parole violator warrants; what dates, if any, that Applicant was confined in Indiana
between 2001 and 2003 pursuant to parole violator warrants in these causes; and whether
Applicant has presented this claim to the Texas Department of Criminal Justice office of
time credit resolution. The trial court should also make any further findings of fact and
conclusions of law which it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 60 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 90 days of the date of this
order. (2) 




DELIVERED: December 14, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.